# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2988-18T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

M.D.,

     Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF A.D.,

     a Minor.

_____

Submitted November 20, 2019 – Decided December 6, 2019

Before Judges Haas and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FG-20-0027-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender,

of counsel; John A. Salois, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Tara Beth Le Furge, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Noel Christian Devlin, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

Defendant M.D.,[1] the biological father of A.D. (April), born in November 2015, appeals from the February 26, 2019 judgment of guardianship terminating his parental rights to the child.[2]  Defendant contends that the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence.  The Law Guardian supports the termination on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendant's parental rights.  Accordingly, we affirm

---

[1]  We refer to the adult parties by initials, and to the child by a fictitious name to protect their privacy.  R. 1:38-3(d)(12).

[2]  April's biological mother, M.B., passed away in March 2017.

A-2988-18T3

substantially for the reasons set forth by Judge Marc R. Brown in his thorough oral decision rendered on February 26, 2019.

We will not recite in detail the history of the Division's interactions with April and her parents. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Brown's decision. We add the following comments.

The Division removed April from defendant's and M.B.'s care and custody just three days after she was born due to ongoing concerns about the parents' mental health and substance abuse issues. The Division placed April with the same maternal aunt who was caring for her sister, G.D. (Ginger).[3] The aunt wants to adopt both children.

As was the case with Ginger, the Division offered multiple opportunities to defendant to reunify with April, and address his long-standing mental health issues. None of these interventions proved successful. Indeed, defendant

---

[3] The Division assumed custody of Ginger in January 2014 after the child tested positive at birth for Subutex, a drug used to treat opioid addiction. The Division later sought to terminate defendant's and M.B.'s parental rights to Ginger and, after M.B. passed away during the trial, a Family Part judge granted this application as to M.D. on June 19, 2017. We thereafter affirmed the judge's determination. N.J. Div. of Child Protection and Permanency v. M.D., No. A-2357-17 (App. Div. Dec. 12, 2018) (slip op. at 1-2).

refused to participate in any services unless the Division first placed the child in his care.

Dr. Elayne Weitz, the Division's expert in psychology, evaluated defendant and found that he continually expressed paranoid ideation with persecutory thoughts. For example, M.D. testified that the police were "staging traffic accidents" to cause him to crash his own car as part of a conspiracy between the police, the Division, "the banks, Atlantic City Electric Company, Atlantic City, and Atlantic County." Because defendant refused to seek treatment, Dr. Weitz opined that defendant could not safely care for April.

Dr. Weitz conducted bonding evaluations between defendant and April, and between April and her aunt. According to Dr. Weitz, April viewed her aunt as her psychological parent, and the child would suffer enduring harm if their bond was broken. Dr. Weitz's views were corroborated by the Division's other expert psychologist, Dr. James Loving, who opined that any additional stress and anxiety caused by attempting to parent a child would exacerbate defendant's symptoms and increase the risk of harm to April.

Although defendant testified at trial, he did not present any expert witnesses to contradict the opinions provided by Dr. Weitz and Dr. Loving.

A-2988-18T3

The scope of our review of a trial court's decision to terminate parental rights is limited. N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448-49 (2012). "Because of the family courts' special jurisdiction and expertise in family matters," we accord deference to the trial court's fact-finding and the conclusions that flow logically from those findings of fact. Cesare v. Cesare, 154 N.J. 394, 413 (1998). We are further obliged to defer to the trial judge's credibility determinations and the judge's "'feel of the case' based upon the opportunity of the judge to see and hear the witnesses." N.J. Div. of Youth & Family Servs. v. A.R.G., 361 N.J. Super. 46, 78 (App. Div. 2003) (citing Cesare, 154 N.J. at 411-12).

Judge Brown's opinion tracks the statutory requirements of N.J.S.A. 30:4C-15.1(a), and is supported by substantial and credible evidence in the record. F.M., 211 N.J. at 448-49. After appraising the record in light of the findings of fact contained in the judge's oral opinion, we find nothing that requires our intervention. Judge Brown carefully reviewed the relevant evidence and fully explained his reasons in a logical and forthright fashion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2988-18T3